**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **DEAMUS TROY CASTERLINE #399472** | § | |
| | § | |
| **V.** | § | **A-14-CA-467-SS** |
| | § | |
| **RISSIE L. OWENS, WILLIAM** | § | |
| **STEPHENS, and JUANITA GONZALEZ** | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:     THE HONORABLE SAM SPARKS
        UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Plaintiff's complaint and memorandum in support. Plaintiff, proceeding pro se, has paid the full filing fee for his complaint.

STATEMENT OF THE CASE

At the time he filed his civil rights complaint, Plaintiff was confined in the McConnell Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff asserts he was convicted of capital murder and sentenced to life imprisonment for a crime committed on December 8, 1984. Plaintiff argues at the time he committed his offense he was eligible for mandatory supervision. However, in 1987, Plaintiff asserts the "Initial Eligibility Date" was amended to exclude offenders convicted of capital murder from being eligible for mandatory supervision.

Plaintiff indicates his next parole review is scheduled for October 2014 and he has accumulated 86 years, 3 months, and 9 days in mandatory supervision time credits. Plaintiff requests the Court to enjoin the defendants' unconstitutional retroactive administration of his upcoming parole hearing under the post-1987 substantive policy change. Plaintiff sues Rissie L. Owens, Williams Stephens, and Juanita Gonzalez.

Plaintiff raised substantially the same claims in his previously filed applications for habeas corpus relief. In 2009, Plaintiff filed a federal application for habeas corpus relief challenging the determination that he is ineligible for release to mandatory supervision because he is serving a life sentence. See Casterline v. Thaler, No. C-09-CV-164 (S.D. Tex.) (D.E. 1). On March 15, 2010, in its Memorandum and Recommendation the magistrate court explained the court was without authority to grant Plaintiff relief, because the court must follow the Fifth Circuit's opinion in Arnold v. Cockrell, 306 F.3d 277 (5th Cir. 2002). (D.E. 26). The magistrate court also rejected Plaintiff's claim that he was denied release to mandatory supervision because of an ex post facto application of the 1987 version of § 8(c) of the Texas Criminal Procedure Code to his situation. Id. The magistrate court noted Plaintiff offered no evidence that he was denied release to mandatory supervision because of the retroactive application of the 1987 version of the mandatory supervision law. Id. The magistrate court acknowledged Plaintiff had not been released on mandatory supervision but pointed out he is ineligible pursuant to the holding in Ex parte Franks, 71 S.W.3d 327 (Tex. Crim. App. 2001). Id. On March 28, 2011, the district court adopted the Memorandum and Recommendation and dismissed Plaintiff's application for habeas corpus relief. (D.E. 51).

Plaintiff filed a motion under Rule 59(e) of the Federal Rules of Civil Procedure on April 21, 2011. (D.E. 56). The motion was denied as second or successive on August 30, 2011. (D.E. 60,

2

64).  Plaintiff next sought and was granted a certificate of appealability on two of the issues he argued to the district court:  whether the Texas Court of Criminal Appeals' decision in <u>Franks</u> gave rise to due process implications in light of <u>Rogers v. Tennessee</u>, 532 U.S. 451 (2001) and whether there were <u>ex post facto</u> implications of the state's policy, adopted after Plaintiff's offense, of keeping violent offenders in prison longer in order to receive federal funds under the Violent Offender Incarceration/Truth in Sentencing Act.  <u>Casterline v. Thaler</u>, No. 11-41093 (5th Cir. 2012) (D.E. 75).  Plaintiff later withdrew his arguments regarding the <u>ex post facto</u> claims based on the state's receipt of funding under the Truth-In-Sentencing Act.  The Fifth Circuit Court of Appeals affirmed the district court's dismissal on December 3, 2012.  <u>Id.</u> (D.E. 76).  After the dismissal of his application was affirmed and while his petition for writ of certiorari in the United States Supreme Court was pending,[1] Plaintiff filed a motion pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure.  (D.E. 80).  He sought to present evidence of the legislative history of the Texas parole statutes in order to show the decision in <u>Franks</u> was erroneous.  The district court denied the motion because it was construed as a successive habeas application over which it had no jurisdiction. (D.E. 82, 92).  On January 28, 2014, the Fifth Circuit denied Plaintiff a certificate of appealability, holding Plaintiff did not show that reasonable jurists would debate the district court's finding that the Rule 60(b) motion constituted a successive § 2255 petition filed without proper authorization.  <u>Casterline v. Stephens</u>, No. 13-40831 (5th Cir. 2014) (D.E. 103).

    In 2013, Plaintiff challenged his 2011 parole review in an application for habeas corpus relief.  <u>See</u> <u>Casterline v. Thaler</u>, No. 2:13-CV-083 (S.D. Tex.) (D.E. 1).  Plaintiff challenged his 2011

---

[1]  The Supreme Court denied Plaintiff's petition for writ of certiorari on June 17, 2013. <u>Casterline v. Stephens</u>, No. 12-9736.

parole denial on the basis of due process and ex post facto violations.  On April 5, 2013, the court dismissed Plaintiff's application based on the same reasons provided in Plaintiff's previous habeas case.  (D.E. 9).  The Fifth Circuit subsequently denied Plaintiff a certificate of appealability. Casterline v. Stephens, No. 13-40566 (5th Cir. 2013) (D.E. 32).  Plaintiff's petition for writ of certiorari filed with the Supreme Court was denied January 15, 2014.  Casterline v. Stephens, No. 13-9617.

DISCUSSION AND ANALYSIS

A.    Review Pursuant to 28 U.S.C. § 1915A

Determined to obtain relief, Plaintiff now files suit under 42 U.S.C. § 1983 regarding his upcoming parole review in October 2014.  Although Plaintiff paid the full filing fee for this case, his claims must be screened pursuant to 28 U.S.C. § 1915A.  On review, the Court must dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  See Martin v. Scott, 156 F.3d 578 (5th Cir. 1998).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519 (1972).  However, the plaintiff's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B.    Merits

As previously explained to Plaintiff, his claims are without merit.  At the time of Plaintiff's offense, the Texas statute governing eligibility for release to mandatory supervision provided that

4

an inmate not under sentence for death "shall be released to mandatory supervision" when the calendar time he has served plus any accrued good conduct time equal the maximum term to which he was sentenced." TEX. CRIM. PROC. CODE ANN. art. 42.12, § 8(c) (West 1981).  The statute made no specific reference to inmates with life sentences.  The statute was amended effective September 1, 1987, to remove from consideration for release to mandatory supervision persons convicted of capital murder, among other offenses.  TEX. CRIM. PROC. CODE ANN. art. 42.18 § 8(c) (Vernon 1985).  However, this change was not made retroactive.

As Plaintiff is well aware, in 2001, the Texas Court of Criminal Appeals determined the Texas mandatory supervision statute at issue does not permit a life-sentenced inmate to be eligible for release to mandatory supervision.  Ex Parte Franks, 71 S.W.3d 327, 327-28 (Tex. Crim. App. 2001).  The state court construed the plain language of the mandatory supervision statute and explained that "it is mathematically impossible to determine a mandatory supervision release date on a life sentence because the calendar time served plus any accrued good conduct time will never add up to life."  Id. at 328.

In Arnold v. Cockrell, 306 F.3d 277, 279 (5th Cir. 2002), the Fifth Circuit relied on Franks and held a life-sentenced inmate is not eligible for release to mandatory supervision under the 1977 version of the Texas mandatory supervision statute. The court determined that the state court's reasoning in Franks was determinative because the 1977 version of the mandatory supervision statute was substantively identical to the version of the law at issue in Franks.  See Arnold, 306 F.3d at 279. The Fifth Circuit particularly noted it was not its function to review a state's interpretation of its own law, and the court therefore deferred to the Texas Court of Criminal Appeals's reading of the statute. Id.  Plaintiff's assertions concerning his eligibility for mandatory supervision therefore are foreclosed

5

by the Fifth Circuit's decision in <u>Arnold</u> and the Fifth Circuit's decisions in Plaintiff's previously filed habeas corpus cases.  Moreover, Plaintiff did not present any evidence to the habeas courts that he was previously denied release to mandatory supervision because of the retroactive application of the 1987 version of the mandatory supervision law.  Therefore, there is no reasonable basis to believe the 1987 version will be applied during Plaintiff's 2014 parole review.

<u>RECOMMENDATION</u>

It is therefore recommended that Plaintiff's complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued

6

good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders.  See, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the TDCJ - Office of the General Counsel and the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).  Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 6th day of June, 2014.


ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE