IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2014 AUG 29  AM 8: 57
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
        DEPUTY

DEAMUS TROY CASTERLINE #399472,
            Plaintiff,

-vs-                                             Case No. A-14-CA-467-SS

RISSIE L. OWENS,
WILLIAM STEPHENS,
and JUANITA GONZALEZ,
            Defendants.

_____

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff Deamus Troy Casterline's § 1983 Complaint [#1], the Report and Recommendation of the United States Magistrate Judge [#6], Casterline's Motion to Proceed *In Forma Pauperis* [#8], Objections [#13], Declaration in Support of Objections [#14], Motion for Preliminary Injunction [#16], and Supplemental Objections [#18]. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders ACCEPTING the recommendation as modified and DISMISSING Casterline's claims.

All matters in this case were referred to United States Magistrate Judge Andrew W. Austin for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Casterline is entitled to de novo review of the portions of the Magistrate Judge's report to which he filed specific objections.

28 U.S.C. § 636(b)(1). All other review is for plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Nevertheless, this Court has reviewed the entire file de novo, and agrees with the Magistrate Judge's recommendation as modified.

## Background

Pro se Plaintiff Deamus Troy Casterline was convicted of capital murder and sentenced to life imprisonment for a crime committed on December 8, 1984. Casterline argues at the time he committed his offense he was eligible for mandatory supervision. However, in 1987, Casterline asserts the law was amended to exclude offenders convicted of capital murder from being eligible for mandatory supervision.

Casterline indicates his next parole review is scheduled for October 2014 and he has accumulated 86 years, 3 months, and 9 days in mandatory supervision time credits. Casterline requests a declaration that the acts complained of by Casterline violate the Constitution and laws of the United States and seeks to enjoin the defendants' unconstitutional retroactive administration of his upcoming parole hearing under the post-1987 substantive policy change. Casterline sues Rissie L. Owens, Williams Stephens, and Juanita Gonzalez.

## Analysis

Casterline paid the full filing fee for this case. Because Casterline was a prisoner at the time he filed his complaint, the Magistrate Judge screened his complaint to determine if it is "frivolous or malicious," or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915A. The Court must construe Caseterline's complaint liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Casterline's pro se status, however, does not create an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse

already overloaded court dockets." *Farguson v. MBank Houston., N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

The Magistrate Judge recommended dismissing Casterline's claims as frivolous. The Magistrate Judge detailed all of Casterline's unsuccessful attempts at obtaining habeas corpus relief with regard to his claims. The Magistrate Judge further explained Casterline's assertions concerning his eligibility for mandatory supervision are foreclosed by the Fifth Circuit's decision in *Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002) (holding life-sentenced inmates are not eligible for release to mandatory supervision under the 1977 version of the Texas mandatory supervision statute) and the Fifth Circuit's decisions in Casterline's previously filed habeas corpus cases.

This Court agrees Casterline's claims are frivolous. However, the Court notes Casterline's claims are frivolous, because they are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In *Heck*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

Later, in *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005), the Supreme Court held the doctrine set forth in *Heck* was applicable in a § 1983 lawsuit "no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)— if success in that action would necessarily demonstrate the invalidity of confinement or its duration."

Casterline makes clear in his Objections, if he were granted relief in this case, he would be entitled to an immediate release on mandatory supervision. Because a favorable judgment on Casterline's claims would "necessarily imply the invalidity of [Casterline's] conviction or sentence," he cannot state a claim until his conviction has been "'reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.'" *Id.* (quoting *Heck*, 512 U.S. at 489); *see also Wilkinson*, 544 U.S. at 81 ("*Heck* specifies that a prisoner cannot use § 1983 to obtain damages where success *would necessarily* imply the unlawfulness of a (not previously invalidated) conviction or sentence."). However, Casterline does not allege his conviction has been reversed, expunged, invalidated, or called into question by a federal court's issuance of writ of habeas corpus.

To the extent Casterline seeks an immediate release to mandatory supervision, he must seek such relief in an application for habeas corpus relief. *See Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973) (the exclusive remedy for a prisoner who challenges the fact or duration of his confinement is habeas corpus relief). The Court declines to construe this action as a request for habeas corpus relief. Before Casterline may file a successive habeas corpus application, he must first move in the appropriate court of appeals for an order authorizing the district court to consider the application. *See* 28 U.S.C. § 2244(b)(3). Because Casterline has not obtained prior approval to file a successive habeas corpus application, this Court would not have jurisdiction to consider his claims.

## Conclusion

Accordingly,

IT IS ORDERED that Plaintiff Deamus Troy Casterline's Objections [#13] and Supplemental Objections [#18] are OVERRULED;

IT IS FURTHER ORDERED that the Report and Recommendation of the United States Magistrate Judge [#6] is ACCEPTED AS MODIFIED;

IT IS FURTHER ORDERED that any and all pending motions be DISMISSED;

IT IS FURTHER ORDERED that all claims brought by Plaintiff Deamus Troy Casterline in the above-styled cause are DISMISSED WITHOUT PREJUDICE to refiling once the conditions of *Heck v. Humphrey* are satisfied, as the claims are frivolous;

IT IS FURTHER ORDERED that Casterline is warned filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Casterline from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions;

IT IS FURTHER ORDERED that Casterline is warned for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct

time, if the Department has previously received three or more final orders. *See* TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998);

IT IS FURTHER ORDERED that Plaintiff is warned, if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); and

IT IS FINALLY ORDERED the Clerk is directed to e-mail a copy of the order and judgment in this case to the TDCJ - Office of the General Counsel and the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

SIGNED this the 28th day of August 2014.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE